### Ebenezer Williams *vs.* Timothy J. Gridley.

In a suit by the payee against the maker of a promissory note, if the defendant relies ʋ the statute of limitations, and the plaintiff relies on a payment by the defendant within six years, the plaintiff may introduce parol evidence of a receipt given by him to the defendant for money paid on the note, although it appears that the defendant returned the receipt to him upon his indorsing the amount thereof upon the note.

An oral admission by a defendant that he has made a payment on the demand in suit, within six years next before the suit was commenced, is competent evidence to take the case out of the statute of limitations — Rev. Sts. *c.* 120, § 17.

This was an action of assumpsit, commenced August 5th 1844, on a promissory note for $176, signed by the plaintiff, dated June 13th 1836, and payable to the plaintiff in one year, with interest.

At the trial in the court of common pleas, before *Cushing,* J the defendant relied on the statute of limitations. The note,

when offered in evidence, had an indorsement, in the plaintiff's hand writing, dated April 15th 1842, of the sum of thirty eight dollars received in part payment. The plaintiff offered, as a witness, the attorney with whom the note was left for collection, to prove that payment had been made on the note, by the defendant, according to the indorsement. This witness testified that the note was left with him before June 1842, and soon afterwards went back into the hands of the plaintiff; that on or before the 17th of June 1842, and while the note was in the plaintiff's hands, the defendant brought to the witness a receipt, signed by the plaintiff, for a sum of money, (the amount of which the witness did not recollect,) and requested that the amount should be indorsed on the note; stating that he had made a payment to the plaintiff on the note; that the witness refused to make the indorsement, stating to the defendant, as a reason for his refusal, that he had not received the money himself, but promising him that the indorsement should be made as soon as the witness could see the plaintiff; that the defendant left the receipt with the witness, who, when he first saw the plaintiff afterwards, caused the indorsement to be made by the plaintiff.

The defendant objected to the evidence thus offered, 1st, ьecause the receipt was not produced; and 2d, because it was not competent evidence to prove part payment. But the objection was overruled.

Another witness testified, that a few days before this action was commenced, he called on the defendant and requested him to pay the note; that the defendant said he had made a payment on it a short time before, and inquired whether this payment was indorsed.

The defendant objected to this evidence also, as incompetent to prove part payment. The judge overruled the objection, and instructed the jury, that if they believed, upon this evidence, that the defendant had made a payment on account of the note, within six years before action brought, the statute bar was removed, and the defendant liable. A verdict was returned for the plaintiff, and the defendant alleged exceptions to the said rulings and instructions.

*Delano,* for the defendant. Evidence of the receipt should not have been admitted; but the receipt should have been produced. *Van Deusen* v. *Frink,* 15 Pick. 449. Greenl. on Ev. § 84. Roscoe on Ev. 1–4.

By the Rev. Sts. *c.* 120, § 13, no acknowledgment or promise shall be evidence of a new or continuing contract, to take a case out of the operation of the statute of limitations, or to deprive a party of the benefit thereof, unless such acknowledgment or promise be made in writing, &c. If by § 17 part payment is excepted from the provision in § 13, yet the exception will not extend to a case where there is no witness of the payment. This seems clear from the policy and the language of *c.* 120, and from the English decisions on a similar statute. The policy of that chapter is, to favor defendants, and, by requiring written acknowledgments and promises, to remedy the evil that had arisen from distinctions and refinements, as to the proof and effect of oral acknowledgments and promises. See 3 Bing. 331, per Best, C. J.; 3 Younge & Jerv 522, per Garrow, B.; and the preamble to *St.* 9 Geo. 4, *c.* 14. The case of payment, in § 17, is within the evil provided against in § 13.

Under *St.* 9 Geo. 4, *c.* 14, the English courts have decided that verbal acknowledgments of payment are not sufficient to take a case out of the statute, but that there must be a written acknowledgment of payment. *Willis* v. *Newham,* 3 Younge & Jerv. 518. Wilkinson on Lim. 86. *Waters* v. *Tompkins,* 2 Crompt. Mees. & Rosc. 723, and Tyrw. & Grang. 137. *Bayley* v *Ashton,* 12 Adolph. & Ellis, 493. *Maghee* v. *O'Neil,* 7 Mees. & Welsb. 531. *Eastwood* v. *Saville,* 9 Mees. & Welsb. 615. *Bevan* v. *Gething,* 3 Adolph. & Ellis N. R. 740. Joynes on Lim. 287–295.

*Dickinson,* for the plaintiff. The evidence of the receipt was rightly received; it being no part of the contract in question, and there being no legal presumption that it was in the plaintiff's hands. *Southwick* v. *Hayden,* 7 Cow. 334. Greenl. on Ev. § 90. 1 Stark. Ev. 393.

It appears from several of the English decisions cited for

the defendant, that the judges are dissatisfied with the decision made in *Willis* v. *Newham.*     And as the Rev. Sts. *c.* 120, § 17, do not prescribe the evidence that shall be given of payment, the common law evidence is to be admitted. Several decisions of this court seem to proceed on this ground. *Ilsley* v. *Jewett,* 2 Met. 168.     *Penniman* v. *Rotch,* 3 Met. 220. *Sigourney* v. *Wetherell,* 6 Met. 553.

DEWEY, J.     To avoid the effect of the statute of limitations, the plaintiff relies upon the evidence tending to show a payment, by the defendant, of a part of the demand, within six years next before the commencement of this action.     The evidence offered is oral testimony of the admissions of the defendant to that effect.     To the admission of such evidence, it is objected *first,* that it appears from the facts stated by the witness, upon this point, that there has been in existence a receipt in writing, under the hand of the plaintiff, acknowledging the payment of this money, and that this is the better evidence.     But this ground is quite untenable.     For if it be assumed that this receipt, which, at the time it was shown to the witness, was in the hands of the defendant, was subsequently delivered to the plaintiff, upon his indorsing the payment on the note itself, yet the instrument is not of a character to raise any presumption that the same was kept by the plaintiff or is now in his possession.     It was intended as a memorandum of a payment, to be kept until such payment was actually indorsed ; but when that indorsement was made, the paper ceased to be of any value ; and if delivered to the plaintiff, no inference results that he would keep it.     And we are not warranted in assuming that the plaintiff has it now in his possession.

The *second* objection is one of more importance, from its bearing upon the construction to be given to Rev. Sts. *c.* 120, §§ 13 – 17.     By § 13, "no acknowledgment or promise shall be evidence of any new or continuing contract, whereby to take any case out of the operation of the provisions of this chapter, or to deprive any party of the benefit thereof, unless uch acknowledgment or promise be made or contained by or

41 *

in some writing, signed by the party chargeable thereby." It is quite obvious that this enactment has introduced a material change in the effect to be given to the statute of limitation of personal actions. It has prospectively legislated out of the judicial forum those numerous and somewhat perplexing cases of alleged new promises, either express or implied, sustained by oral admissions and statements by the party sought to be charged. Thus far the statute is plain as to the construction to be given to it. The question arises upon the further provision contained in § 17 : "Nothing contained in the four preceding sections shall alter, take away, or lessen the effect of the payment of any principal or interest, made by any person." It is contended by the defendant that upon the proper construction of this statute, 1st, evidence of such payment can be shown only by some written acknowledgment under the hand of the party to be charged ; or 2d, if this be not so, that there must be at least direct evidence of payment, derived from the testimony of witnesses thereto, and that the mere oral admissions of the party are wholly incompetent to establish the fact of such payment.

As to the first of these positions, the defendant fails in sustaining it, either by any direct language of the statute itself, or any adjudicated cases favoring this construction.

The second ground relied upon requires more consideration. It is supposed, by the counsel for the defendant, to be strongly supported by the English decisions upon *St.* 9 Geo. 4, *c.* 14, which is similar in its character to that of our own. Of these cases, the leading decision is that of *Willis* v. *Newham,* 3 Younge & Jerv. 518, in the court of exchequer, where it was held that a verbal acknowledgment of the payment of a part of a debt, within six years, is not sufficient, within the provisions of *St.* 9 Geo. 4, to take the case out of the operation of the statute of limitations. The course of argument relied upon in that decision was, that as 'the statute had provided that no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, to take the case out of the statute of limitations, unless such

acknowledgment or promise be made or contained by or in some writing signed by the party, it could not have been contemplated that the same species of evidence which was rejected by the statute, as too uncertain, loose and unworthy of confidence, to prove an acknowledgment or new promise, should be competent evidence to effect the same object under the form of evidence offered to prove a payment of a part of the principal within six years. It is virtually contended that the previous general enactment, requiring the evidence to be in writing, to create a new promise, is to be ingrafted upon the further provision as to partial payment; that the latter case is equally within the mischief, and should therefore fall within the same restriction.

The defendant also relies upon the cases of *Bayley* v. *Ashton*, 12 Adolph. & Ellis, 493, and *Waters* v. *Tompkins*, 2 Crompt. Mees. & Rosc. 723, and Tyrw. & Grang. 137. But in the former of these cases, Lord Denman admitted that, if he were then for the first time called upon for a construction of this act, he should be of opinion that any proof of payment was sufficient. And in the latter of these cases, there was a relaxation of the rule, inasmuch as the court admitted verbal declarations of the party, as to the appropriation of a payment; thus indirectly taking a case out of the operation of the statute, by oral evidence of the admissions of the party.

In *Maghee* v. *O'Neil*, 7 Mees. & Welsb. 531, while the court sustained the decision in *Willis* v. *Newham*, Lord Abinger, C. B. said, " if this question were *res integra*, I should certainly say that the mode of payment of principal or interest was left by Lord Tenterden's act to be proved as at common law. My impression is, that the act has been pressed beyond its intention." Parke, B. also said that his feeling was, that the decisions had gone too far. It is quite obvious that the courts have conformed to the decision in *Willis* v. *Newham*, only because they were not sitting as a court of the last resort, and did not feel authorized to overrule that decision. In *Eastwood* v. *Saville*, 9 Mees. & Welsb. 615, where the court again sanctioned the ruling in *Willis* v. *Newham*, it was declared to

be because they were bound by the previous decisions, until the cases were overruled by the highest court.

This brief review of the adjudicated cases clearly shows that they are not of a character that should control our decision. The English courts have again and again expressed their doubts as to the correctness of the decision in *Willis* v. *Newham,* and their indisposition to sanction it. It surely becomes us, therefore, to pause before giving our sanction to the doctrine of that case, and to pause at the threshold, and before we have embarrassed ourselves by any unfortunate precedent of our own. The question is with us an open one, to be decided solely upon principle and sound reason. Looking at § 17 of *c.* 120 of the Rev. Sts., we are to inquire what are the purport and meaning of the provision that full effect shall be given to the payment of any principal or interest, in taking a case out of the statute of limitations. Is it not payment proved by any evidence competent, under the rules of the common law, to establish such fact? If it be so — and we think this is the reasonable import of the provision — then it will follow that payment of a part of the demand may be shown by the verbal admission of the party, and that it is competent for the plaintiff to offer such admission in evidence, to avoid the effect of six years having elapsed since the cause of action accrued. The court are clearly of opinion that there is no restriction in the statute, excluding proof of payment by the verbal admission of the party to be charged ; that it is competent evidence; and that its sufficiency is to be left to the jury, as in other cases.

*Exceptions overruled*